### DAVEY TREE EXPERT CO. v. McBEATH.

(Circuit Court of Appeals, Eighth Circuit. March 2, 1923.)

No. 6179.

Patents ⬅301 (6)—Probable balance of injury to be considered on motion for preliminary injunction.

Denial of a preliminary injunction in an infringement suit is proper, where there is a substantial defense, and such denial will probably cause less injury than would the granting of the injunction.

Appeal from the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Suit in equity by the Davey Tree Expert Company against Kenneth M. McBeath. From an order denying a preliminary injunction, complainant appeals. Affirmed.

Clarence P. Byrnes, of Pittsburgh, Pa., and Paul Bakewell, of St. Louis, Mo. (Irving M. Obrieght and A. Stanford Lyon, of Kansas City, Mo., on the brief), for appellant.

Wendell H. Cloud, of Kansas City, Mo. (V. E. Phillips, of Kansas City, Mo., on the brief), for appellee.

Before STONE, LEWIS, and KENYON, Circuit Judges.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

STONE, Circuit Judge. This is an appeal from the denial of a temporary injunction to prevent the use of a certain patented process used in tree surgery. In the practice of tree surgery it frequently occurs that cavities in the trunks or limbs must be filled. The substance normally used as a filler consists of a concrete or cement mixture, sometimes reinforced. Experience demonstrated that if the cavity was large, and this filler cast in one piece, the swaying of the tree would result in injury either to the tree or the filler. The patent here involved (Davey, No. 958,478) was for a process designed to overcome the above defects of a single piece cast. This it accomplished by sectional casts overlying each other and separated by thin layers of compressible and elastic material.

Appellant was engaged in the business of tree surgery and had built up its business to such proportions that it found difficulty in securing a sufficient number of trained employees. As one means of securing such employees and, possibly, as a further source of revenue, it conducted a school in tree surgery. The course of instruction therein included classroom, laboratory and field work. In such field work, the above patented process was employed. At the end of the school course of instruction, diplomas were issued to graduates. This diploma recited that the recipient had completed the course and successfully passed all examinations, and it conferred the degree of "Doctor of Tree Surgery." Graduates of the school were in no sense obligated to accept employment with appellant, but might freely practice their profession. Appellee was a graduate of the above course and was independently engaged in the practice of tree surgery. In this practice he employed the process covered by the above patent. His answer does not challenge the validity of the patent, but he asserts a right, based upon a license and also an estoppel, to use such process. The court, in denying the temporary injunction, makes no statement as to his reasons therefor.

Objection is made by appellant to the consideration of certain items of evidence which are contained in the transcript of the record, because such were not formally introduced at the hearing. We find it unnecessary to determine this objection. Examination of those parts of the record to which no objection is made reveals that the balance of convenience or probable injury from an order operating pendente lite are largely in favor of the denial of the temporary injunction. The usefulness of the patented process seems very apparent. Its denial to appellee might materially interfere with the effective practice of his profession in an important branch of his work during the period before final hearing herein while the use thereof by him cannot result in great damage to appellant during that time. The answer presents defenses which are serious, so that we cannot say, before hearing on the merits, that the issues between the parties are not doubtful. The presence of the above situation amply supports the exercise, here made, of that discretion, always resting in the trial court, in the granting or refusal of such temporary orders. 22 Cyc. 753, and citations. Also see 22 Cyc. 978, and citations.

The decree is affirmed.